**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**DEBRA MARBURY, ET AL.**                      **CIVIL ACTION NO.**

**VERSUS**                                      **18-905-SDD-EWD**

**CRACKER BARREL OLD**
**COUNTRY STORE, INC., ET AL.**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 6, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**DEBRA MARBURY, ET AL.**                                    CIVIL ACTION NO.

**VERSUS**                                                    18-905-SDD-EWD

**CRACKER BARREL OLD
COUNTRY STORE, INC., ET AL.**

### MAGIRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand[1] filed by plaintiffs, Debra and Russell Marbury ("Plaintiffs"). The Motion is opposed by defendants, Cracker Barrel Old Country Store, Inc. ("Cracker Barrel") and Safety National Casualty Company ("Safety National").[2] Plaintiffs have filed a reply memorandum.[3] For the reasons set forth herein, it is recommended[4] that the Motion to Remand[5] be granted and that this suit be remanded to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

**I.    Background**

Plaintiffs allege that Debra Marbury sustained injuries when she "slipped in a puddle of vomit" while on the premises of the Cracker Barrel Old Country Store located in Baton Rouge,

---

[1] R. Doc. 14.

[2] R. Doc. 15.

[3] R. Doc. 18. In their reply memorandum, Plaintiffs assert that the opposition filed by Cracker Barrel and Safety National should be stricken as untimely under Local Rule 7(f), which requires an opposition be filed within twenty-one days after service of the motion. Plaintiffs filed the instant Motion to Remand on March 13, 2019. R. Doc. 14. The opposition memorandum was filed twenty-two days later, on April 4, 2019. R. Doc. 15. District courts have "broad discretion as to whether to consider untimely filings, including oppositions to motions." *Deemer v. Deutsche Bank National Trust Co.*, Civil Action No. 17-2019, 2018 WL 1070124 (E.D. La. Feb. 23, 2018) (citing *Nelson v. Star Enter.*, 220 F.3d 587 (5th Cir. 2000) ("District courts have broad discretion to consider untimely oppositions to motions for summary judgment."); *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995) (holding that "the district court properly exercised its discretion by accepting Appellee's motion out of time")). As Cracker Barrel and Safety National timely filed an opposition to Plaintiffs' first motion to remand, *see*, R. Docs. 8 & 9, and the current opposition was filed only one day late, the opposition memorandum will be considered.

[4] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[5] R. Doc. 14.

1

Louisiana.[6]  The operative petition names Cracker Barrel, Safety National, Allied World National Assurance Company ("Allied World"), and Megan Childers ("Childers") as defendants.[7]

On October 11, 2018, Cracker Barrel and Safety National (collectively, the "Removing Defendants") filed a Notice of Removal asserting that this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[8]  Removing Defendants thereafter filed an Amended Notice of Removal to adequately allege the parties' citizenship.[9]  Per the Amended Notice of Removal, Plaintiffs are citizens of Louisiana, Cracker Barrel is a citizen of Tennessee, and Safety National is a citizen of Missouri.[10]  Although Removing Defendants allege that Childers is a Louisiana citizen, they contend that Childers was improperly joined.[11]  Specifically, Removing Defendants assert:

> Defendants plead improper joinder as to Childers, a Louisiana citizen, in that the allegations that she "was made aware of the vomit and left the condition unattended at the time [Debra Marbury] slipped and fell" are patently untrue and not based in fact.  Pursuant to the Fifth Circuit's decision in *Smallwood v. Ill. Cent. R.R. Co.* Defendants will submit evidence in the form of an affidavit and/or deposition testimony of Childers and video which directly controvert the aforementioned "facts" Plaintiffs have alleged.[12]

---

[6] R. Doc. 1-1, ¶ 2.

[7] First Supplemental and Amending Petition, R. Doc. 8-2 (the "Amending Petition").  The Amending Petition was filed one day before the "Notice of Filing Notice of Removal" was filed in state court; therefore, the Amending Petition is the operative pleading.  *See*, *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980) ("It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed."); *York v. All Aboard America! Holding, Inc.*, Civil Action No. 15-00251, 2015 WL 4068218, at * 3 (M.D. La. July 2, 2015) ("The state court loses jurisdiction, and the federal court gains exclusive jurisdiction, when the removing defendants file a copy of the notice of removal with the state clerk of court.").

[8] R. Doc. 1.

[9] R. Doc. 13.

[10] R. Doc. 13, ¶ 9.  Although Allied World is also named as a defendant in the Amending Petition, neither the original Notice of Removal nor the Amended Notice of Removal sets out Allied World's citizenship.  *See*, R. Docs. 1 & 13.  However, because Childers is a properly joined, non-diverse defendant, this suit must be remanded regardless of Allied World's citizenship.

[11] R. Doc. 13, ¶¶ 10-11.

[12] R. Doc. 13, ¶ 10.

2

On March 13, 2019, Plaintiffs filed the instant Motion to Remand, alleging that Childers is a properly joined, non-diverse defendant.[13] Plaintiffs assert that remand is appropriate because Removing Defendants "have not offered, and the record does not contain, any evidence sufficient to prove that plaintiffs have no possibility of recovery on their state law claims against Megan Childers…."[14] In opposition, Removing Defendants assert that "all of plaintiffs' allegations against Megan Childers are patently untrue and not based in fact"[15] and that video surveillance "unequivocally shows that there was exactly 69 seconds between the child patron vomiting on the floor and Ms. Marbury slipping and falling. The video is evidence that there was not enough time for any Cracker Barrel employee, let alone Megan Childers, who is not visible in the video to be put on notice of the dangerous condition and then ignore it as [Plaintiffs] have alleged."[16] In the alternative, Removing Defendants request leave to "conduct limited discovery in the form of a deposition of Megan Childers to determine when she was notified of the vomit on the floor."[17] Removing Defendants assert that

---

[13] R. Doc. 14. Plaintiffs filed a previous Motion to Remand based on Plaintiffs' original petition. *See*, R. Doc. 8. Plaintiffs withdrew the previous Motion to Remand without prejudice to their right to re-urge remand, if necessary, following the filing of the Amended Notice of Removal. *See*, R. Doc. 11.

[14] Plaintiffs also appear to argue that remand is appropriate because they intend to add other Louisiana residents as defendants at some point in the future. Setting aside the fact that it is an individual's *domicile* rather than *residency* that determines citizenship, *see*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile, mere residence in the State is not sufficient."), "'[a] possible future destruction of diversity, even by the addition of an indispensable party, is not a proper ground for remand.'" *Miles v. Woerner Development, Inc.*, Civil Action No. 17-943, 2018 WL 1415906, at * 4 (M.D. La. March 1, 2018) (quoting *Lillie v. Wyeth-Ayerst Laboratories*, Civ A. No. 94-1744, 1994 WL 532091, at * 1 (E.D. La. Sept. 26, 1994)). *See also*, *Oiler v. Biomet Orthopedics, Inc.*, No. Civ. A. 02-3778, 2003 WL 22174285, at * 6 (E.D. La. Sept. 17, 2003) (same); *McQuiston v. Boston Scientific Corp.*, Civil Action No. 07-1723, 2008 WL 104210, at *1 (W.D. La. Jan. 9, 2008) ("Diversity ... is determined based on the parties actually named in this suit. A possible future destruction of diversity, even by the promised later addition of an indispensable party, is not a proper ground for remand."); *Hydro-Action, Inc. v. James*, 233 F.Supp.2d 836, 839 (E.D. Tex. 2002) (denying motion to remand and explaining, *inter alia*, that "Hydro-Action states that it intends to add Larry Jernigan as a defendant in this action. Jernigan is from Lumberton, Texas, and would destroy complete diversity. While the addition of Jernigan as a party could divest this court of jurisdiction, that issue is not properly before the court at this time.").

[15] R. Doc. 15, p. 2.

[16] R. Doc. 15, p. 3. *See also*, R. Doc. 15, p. 4 ("There is no evidence that Megan Childers – or any other Cracker Barrel employee – was made aware of the vomit and failed to warn or protect Ms. Marbury as plaintiffs have alleged. To the contrary, the video unequivocally proves that a patron vomited on the floor and 69 seconds later Ms. Marbury slipped and fell. Plaintiffs will not be able to establish a cause of action against Megan Childers.").

[17] R. Doc. 15, p. 4.

"[t]his discovery would prove Megan Childers had clocked out from her shift when she was told of the plaintiff's accident."[18]

## II. Law and Analysis

### A. Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[19] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[20] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[21] In removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.[22] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[23] The removing party has the burden of proving federal diversity jurisdiction.[24] Remand is proper if at any time the court lacks subject matter jurisdiction.[25]

### B. Standard for Improper Joinder

If Childers, a Louisiana citizen, is properly joined, her presence in this action precludes removal and the Motion to Remand should be granted.[26] "The party seeking removal bears a heavy

---

[18] R. Doc. 15, p. 4.

[19] 28 U.S.C. § 1441(a).

[20] 28 U.S.C. § 1332(a)-(a)(1).

[21] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

[22] *Coury v. Prot*, 85 F.3d 244, 248-289 (5th Cir. 1996) (citation omitted). No party is arguing that there was any change in jurisdictional facts between the filing of the suit in state court and the removal of the case to this court.

[23] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

[24] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

[25] *See*, 28 U.S.C. § 1447(c).

[26] 28 U.S.C. §1441(b)(2).

4

burden of proving that the joinder of the in-state party was improper."[27] "'[A]ny contested issues of fact and any ambiguities of state law must be resolved' in favor of remand,"[28] and "[a]ny doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[29]

The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[30] As to the second method, the test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[31] The Removing Defendants do not assert that there has been fraud in the pleading of jurisdictional facts related to Childers, so the question before the Court is whether Plaintiffs have a reasonable basis of recovery against Childers under state law.[32]

---

[27] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).

[28] *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242. 249 (5th Cir. 2011)). *See also*, *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) ("Any contested issues of fact and any ambiguities of state law must be resolved in [plaintiff's] favor. The burden of persuasion on those who claim fraudulent joinder is a heavy one.").

[29] *Bartel v. Alcoa Steamship Co.*, 64 F.Supp.3d 843, 847 (M.D. La. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

[30] *Smallwood,* 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

[31] *Id.*

[32] The Removing Defendants assert that "the allegations that [Childers] 'was made aware of the vomit and left the condition unattended at the time [Plaintiff Debra Marbury] slipped and fell' are patently untrue and not based in fact." R. Doc. 13, ¶ 10. *See also*, R. Doc. 15, p. 2 ("As defendants noted in their Amended Notice of Removal, all of plaintiffs' allegations against Megan Childers are patently untrue and not based in fact."). These statements are not considered an assertion of "actual fraud in the pleading of jurisdictional facts." Neither party's briefing addresses the first method of establishing improper joinder. *See*, *Battenfield v. Wal-Mart Stores, Inc.*, No. 2:11-cv-1537, 2013 WL 880307, at *2, n. 2 (W.D. La. March 8, 2013) ("Wal–Mart argues that several allegations of the petition constitute 'actual fraud' as understood under the first method of demonstrating improper joinder of a defendant. However, this method of proving improper joinder is limited to the pleading of 'jurisdictional facts.' While Wal–Mart believes that plaintiff misstated certain facts in the case, there is no indication that these are necessarily 'jurisdictional' in nature. As such, the undersigned will address these claims under the second method of demonstrating improper joinder of a defendant by asking whether plaintiff has any possibility of recovery under these theories."). Further, as noted by one district court, to satisfy the first test for improper joinder, "the removing party must prove that the plaintiff either actually concealed, or knowingly made false representations, regarding any fact that must exist for the court to properly exercise jurisdiction over the case…." *Cantor v. Wachovia Mortg., FSB*, 641 F.Supp.2d 602, 607 (N.D. Tex. 2009). Removing Defendants do not assert that Plaintiffs concealed jurisdictional facts, although the parties disagree regarding Childers' knowledge and actions.

5

A court may resolve this issue in one of two ways. "The court may conduct a Rule 12(b)(6) analysis, looking at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[33] The Fifth Circuit has cautioned that such summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[34]

### C. Defendants Have Not Met Their Heavy Burden of Proving Childers Was Improperly Joined

"When a case is removed to federal court on the basis of diversity jurisdiction, the *Erie* doctrine requires federal courts to apply substantive state law when adjudicating state law claims."[35] "Under Louisiana law, a court may hold a corporate officer or employee individually liable for injuries to third persons under certain circumstances."[36] "This 'liability may be imposed on such individuals even if the duty breached arises solely from the employment relationship.'"[37] "If the elements for imposing individual liability on the corporate employee are met, it does not matter than

---

[33] *Smallwood*, 385 F.3d at 573.

[34] *Id*. at 573-74. *See also*, *id*. at n. 12 ("For example, the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true."). *See also*, *African Methodist*, 756 F.3d at 793 ("A mere theoretical possibility of recovery in state court will not preclude a finding of improper joinder. The federal court's inquiry into the reasonable basis for the plaintiff's state court recovery is a 'Rule 12(b)(6)-type analysis,' although the court retains discretion to pierce the pleadings and conduct summary proceedings….").

[35] *RPM Pizza, LLC v. Argonaut Great Cent. Ins. Co.*, Civil Action Nos. 10-684, 12-147, 2013 WL 1296678, at * 2 (M.D. La. March 28, 2013) (citing *LeMeilleur v. Monumental Life Ins. Co.*, 419 Fed. Appx. 451, 453 (5th Cir. 2011) & *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

[36] *Kemp v. CTL Distribution, Inc.*, 440 Fed. Appx. 240, 245 (5th Cir. 2011) (unpubl.) (citing *Canter v. Koehring*, 283 So.2d 716 (La. 1973), *superseded on other grounds by statute*, La. R.S. § 23:1032 (1998)).

[37] *Id*. (citing *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 312 (5th Cir. 2005) and *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994)).

6

the corporation might also be liable."[38] Conversely, when considering the sufficiency of allegations purporting to state a claim for an individual employee's personal liability, "[t]he Court is only concerned…[with] whether a viable claim may be made against [the defendant employee] personally and not whether [the employer] may be held vicariously liable for the action of its employees."[39] As explained by the Fifth Circuit, "[v]icarious liability is not a revolving door. In certain situations, an employer may be held liable for the negligent acts of its employees…but *Canter* does not attach liability to a managerial employee absent breach of a duty personally owed by the employee to third parties."[40]

"Under Louisiana law, an employee is personally liable if (1) the employer owes a duty of care to a third person; (2) the employer delegated that duty to a defendant-employee; (3) and the defendant-employee breached the duty through his own fault and lack of ordinary care."[41] "However, a defendant-employee's 'general administrative responsibility' is insufficient to impose personal liability."[42] "In order for a corporate officer to be held liable for purported personal fault or negligence which arises out of a breach of duty, that person must have some personal contact with and responsibility towards the injured employee."[43]

---

[38] *Ford*, 32 F.3d at 936 (citing *H.B. 'Buster' Hughes, Inc. v. Bernard*, 318 So.2d 9, 12 (La. 1975)).

[39] *Hornsby v. AlliedSignal, Inc.*, 961 F.Supp. 923, 930 (M.D. La. 1997). *See also*, *Haynes v. Healthcare Services Group, Inc.*, Civil Action No. 13-649, 2014 WL 2769080, at * 2 (M.D. La. May 30, 2014) ("To begin, vicarious and personal liability are not antithetical. 'If the elements for imposing liability on the corporate employee are met, it does not matter that the corporation might also be [vicariously] liable.'") (citing, *Ford*, 32 F.3d at 936)).

[40] *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 Fed. Appx. 911, 918-19 (5th Cir. 2009).

[41] *Moore v. Manns*, 732 F.3d 454, 456-57 (5th Cir. 2013) (citing *Canter*, 283 So.2d at 721).

[42] *Id.* (affirming district court's denial of motion to amend to add non-diverse employees and agreeing that plaintiff's "proffered amendment relied on the proposed parties' general responsibilities to oversee safety rather than on evidence of personal fault, as required to trigger individual liability under Louisiana law.").

[43] *Esco v. Smith*, 468 So.2d 1169, 1175 (La. 1985). *See also*, *Canter*, 283 So.2d at 721 ("personal liability cannot be imposed upon the…employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages.").

Plaintiffs allege that Childers "was a manager or an employee of the store at issue in this lawsuit at the time of the Petitioner's fall," "was made aware of the vomit, and left the condition unattended at the time when Petitioner slipped and fell," and "[a]s part of her duty as a manager or employee on duty,…was responsible [for] correcting unsafe and hazardous conditions and warning patrons of the dangerous condition."[44] "A supervisor's knowledge of the dangers present 'could give rise to the personal duty contemplated in *Canter*.'"[45] "This Court has previously held that, 'Under Louisiana law, an employee's personal involvement in causing the alleged injury *or the employee's knowledge of the dangers present* could give rise to the personal duty contemplated by *Canter*.'"[46]

Plaintiffs specifically assert that Childers "was made aware" of the allegedly dangerous condition, was responsible for correcting that condition, and left the condition unattended.[47] These are sufficient allegations to establish a possibility of recovery against an employee under *Canter*,[48]

---

[44] R. Doc. 8-2, ¶¶ 4-6.

[45] *Ford*, 32 F.3d at 939 (non-diverse plant manager properly joined in suit arising out of reactor explosion at a fertilizer plant where conflicting affidavits, viewed in a light most favorable to plaintiffs, raised a question of whether the plant manager had actual knowledge of a leak in the reactor prior to the explosion). *See also*, *Creppel v. Apache Corp.*, No. Civ. A. 04-865, 2004 WL 1920932, at * 3 & n. 1 (E.D. La. Aug. 25, 2004).

[46] *Mathes v. PNK (Baton Rouge) Partnership*, Civil Action No. 17-392, 2017 WL 5762434, at *5 (M.D. La. Nov. 6, 2017) (quoting *Haynes*, 2014 WL 2769080, at *3 (citing *Canter*, 283 So.2d at 721 (emphasis added)).

[47] Unlike other cases in which a plaintiff has generically alleged that "all defendants" or defendants collectively had knowledge of a dangerous condition, Plaintiffs here allege that Childers was made aware of the vomit and left the condition unattended. R. Doc. 8-2, ¶ 5. *Compare*, *Giles v. Wal-Mart Louisiana, LLC*, Civil Action No. 16-2413, 2016 WL 2825778, at * 4 (E.D. La. May 13, 2016) ("Plaintiff does not allege that Jabbia personally knew or actively contributed to any alleged unsafe conditions. Plaintiff's allegation that all Defendants 'had actual or constructive knowledge' of the allegedly dangerous condition on the premises is a conclusory allegation that the Court is not required to accept and it does not amount to an allegation that Jabbia personally of the allegedly dangerous hole in the parking lot."); *Black v. Lowe's Home Centers, Inc.*, Civil Action No. 10-478, 2010 WL 4790906, at * 3 (M.D. La. Oct. 22, 2010) ("Considering that there is no evidence that Mr. Davis was present at the Lowe's store on the date of the accident and that Mr. Black has not alleged or testified to any personal breaches of duty by Mr. Davis relating to the accident (such as testimony that Mr. Davis personally left the band in question on the floor or that Mr. Davis had knowledge of its presence on the floor of the plumbing aisle and failed to take steps to remove it), it appears that the plaintiffs are seeking to impose liability on Mr. Davis for breaches of his general administrative duties as a store manager (such as his duties to supervise, inspect, and train), which is precluded by *Canter*.").

[48] *See*, *Ford*, 32 F.3d at 936 (employee's knowledge of a risk of harm and failure to respond to the risk could create personal liability under *Canter*); *Hayden v. Phillips Petroleum Co.*, 788 F. Supp. 285, 287 (E.D. La. 1992) (finding an employee's alleged personal knowledge of a dangerous pipeline could give rise to personal duty under *Canter*); *Creppel*, 2004 WL 1920932, at *4 (plaintiffs stated a cause of action against non-diverse employee where plaintiffs alleged that the employee had personal knowledge of a dangerous well and failed to remedy the danger); *Flitter v. Walmart Stores, Inc.*, Civil Action No. 09-236, 2009 WL 2136271, at * 3 (M.D. La. June 19, 2009) ("Plaintiff alleges in her petition that defendant Spence 'was aware of the fact that the roof of the building was defective and leaked during rain showers, and

8

and *Carter v. Wal-Mart Stores, Inc.*, upon which Removing Defendants rely to assert that removal was proper, is distinguishable.[49]

Once a plaintiff has stated a claim against a non-diverse defendant, the Removing Defendants "must come forward with evidence to negate a possibility of liability against the non-diverse defendant."[50] Removing Defendants assert that Plaintiffs' allegation that Childers knew of the hazardous condition is "patently untrue and not based in fact" and that video evidence "directly controvert[s] the aforementioned 'facts' Plaintiffs have alleged."[51] Specifically, Removing Defendants argue that video evidence shows that there was not enough time between the child vomiting and Ms. Marbury's fall for Childers to have been put on notice of the condition, and that while "Plaintiffs claim that the video shows a Cracker Barrel employee at the hostess stand who sees the child vomit and ignores it to take other patrons to be seated," "the video actually shows that the

---

was aware of the fact that the condition of the floors in the building due to the leaks in the roof was such that unsuspecting patrons were subjected to a significant danger in merely walking in the store' (rec.doc.1–3). Spence's alleged knowledge of the defective condition that caused plaintiff's accident gives rise to a heightened duty to the store patrons. Thus, a finding that Spence failed to remedy a known defective condition may give rise to personal fault…."); *Amaya v. Holiday Inn New Orleans – French Quarter*, Civil Action No. 11-1758, 2011 WL 4344591, at * 3 (E.D. La. Sept. 15, 2011) ("Though Amaya's petition is not an exemplar of clear legal writing, liberally construing the allegations in a light most favorable to the plaintiff, the Court finds that paragraph VIII alleges that Odom had personal knowledge and that he failed to act on that knowledge. An employee who has personal knowledge of a danger and fails to cure the risk of harm may be liable for a plaintiff's injuries under *Canter*."); *Garrett v. AEP River Operations, LLC*, Civil Action No. 15- 5562, 2016 WL 945056, at * 4 (E.D. La. March 14, 2016) (defendant supervisor properly joined where plaintiffs alleged supervisor had personal knowledge of the hazards that AEP's operations posed to plaintiffs and failed to remedy the danger.).

[49] No. Civ. A. 04-0072, 2005 WL 1831092 (W.D. La. July 28, 2005). *See*, R. Doc. 9, pp. 4-5. The *Carter* court considered whether three non-diverse defendants were properly joined. The court found that the two non-diverse managers were improperly joined based on generic allegations that they were responsible for training and implementing safety procedures (*i.e.*, the plaintiff sought to hold these defendants liable for breaches of general administrative duties). With respect to the third non-diverse employee defendant, plaintiffs theorized that the employee "was aware that the [overhead metal display rack] was falling on them, yet failed to give warning." *Id*. at * 3. The court explained that "[a]s a general rule of tort law, there is no duty on the part of an onlooker, who has committed no act of negligence, to come to the aid of another in peril absent a special relationship" and that "Plaintiffs' proposed amended complaint contain[ed] no allegation that Wal-Mart delegated to [the employee] any duty to warn customers of safety hazards." *Id*. In contrast, Plaintiffs have alleged that Childers both knew of the dangerous condition *and* was responsible for correcting the condition.

[50] *Randolph v. Wyatt*, Civ. A. No. 09-2020, 2010 WL 569753, at *5 (W.D. La. Feb. 11, 2010) (citing *Travis v. Irby*, 326 F.3d 644, 650-51 (5th Cir. 2003)). *See also*, *Haynes*, 2014 WL 2769080, at *4 (quoting *Randolph*, *supra*).

[51] R. Doc. 13, p. 3.

9

child discretely vomits, and that the hostess does not see it because she is attending to patrons and there is merchandise and the child's adult escort blocking her view."[52]

The Fifth Circuit has explained that, "[a]lthough a court may pierce the pleadings and consider summary-judgment type evidence, the standard for finding improper joinder is not the summary judgment standard in which an absence in the plaintiff's proof alone can be fatal."[53] The Fifth Circuit in *Davidson* explained that:

> The examples of improper joinder based on "discrete and undisputed facts" outside the pleadings that *Smallwood* provides are consistent with this language requiring a defendant to "preclude" the possibility of recovery: evidence showing that "the in-state doctor defendant did not treat the plaintiff," that "the in-state pharmacist defendant did not fill a prescription for the plaintiff patient," that "a party's residence was not as alleged, or any other fact that easily can be *disproved* if not true."[54]

Although the district court may consider discrete and undisputed facts, the Fifth Circuit has "frequently cautioned the district courts against pretrying a case to determine removal jurisdiction...."[55] Interpretation of the video evidence raises a factual issue that is inappropriate for resolution at this stage of these proceedings.[56] What the video does or does not show, and whether there was sufficient time between the creation of the condition and Ms. Marbury's fall are contested factual issues, the resolution of which would require this Court to improperly "pretry" this case to

---

[52] R. Doc. 15, p. 3.

[53] *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 766 (5th Cir. 2016) (citing *Travis*, 326 F.3d at 650 n. 3).

[54] 819 F.3d at 766-67 (citing *Smallwood*, 385 F.3d at 573-74 & n. 12) (emphasis added in *Davidson*).

[55] *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

[56] Plaintiffs' reply briefing highlights the factual nature of the parties' dispute. *See*, R. Doc. 18, p. 2 ("defendants submit a surveillance video for the Court's review, which is objected to by plaintiffs herein. Plaintiffs have requested ALL said footage from Cracker Barrel's surveillance cameras which will show how many employees, waitresses, hostesses, and managers that the 'puking patron' passed; however, the one video submitted is the only video provided. The 'puking patron's' father told the plaintiffs he informed a manager of the puke. These surveillance videos will help in proving what plaintiffs were told.") (emphasis in original).

10

determine removal jurisdiction.[57] The Fifth Circuit has made clear that, "'any contested issues of facts and any ambiguities of state law must be resolved' in favor of remand."[58]

### D. Removing Defendants' Alternative Request for Discovery Should Be Denied

Removing Defendants make the alternative request that they be allowed to "conduct limited discovery in the form of a deposition of Megan Childers to determine when she was notified of the vomit on the floor."[59] The Fifth Circuit has emphasized that when considering the propriety of a party's joinder, "any piercing of the pleadings should not entail substantial hearings" and that "[d]iscovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity."[60] As cautioned in *Smallwood*, "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden."[61]

Plaintiffs have alleged that Childers "was made aware of the vomit, and left the condition unattended at the time" of Ms. Marbury's accident.[62] In support of remand, Plaintiffs explain that they "were told at the scene that a manager was told about the vomit"[63] and that "[t]he 'puking patron's' father told the plaintiff he informed a manager of the puke."[64] The Removing Defendants

---

[57] Because the interpretation of the video evidence falls outside the scope of the facts that are appropriate for consideration at this stage of the proceedings, that evidence was not reviewed in connection with this Report and Recommendation.

[58] *African Methodist*, 756 F.3d at 793.

[59] R. Doc. 15, p. 4.

[60] *Smallwood*, 385 F.3d at 574. *See also*, *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 311 (5th Cir. 2005) (explaining that *Smallwood* "sharply limits, but does not eliminate, discovery. To do so would deny all substance to the pierce-the-pleadings option that we have repeatedly sanctioned."); *Chhetri v. Wal-Mart Stores, Inc.* Civil Action No. 09-cv-0460, 2009 WL 1535044 (W.D. La. June 1, 2009) (allowing plaintiffs limited discovery consisting of interrogatories, requests for production, and depositions of certain individuals limited to one-hour each to test pharmacist's sworn assertion that she did not fill the prescription and had no responsibility whatsoever in connection with the prescription despite her name appearing on the label of the bottle).

[61] *Smallwood*, 385 F.3d at 574.

[62] R. Doc. 8-1, ¶ 5.

[63] R. Doc. 14-1, p. 3.

[64] R. Doc. 18, p. 2.

11

do not allege that someone other than Childers was the manager at the scene of the accident to whom Plaintiffs refer.[65] Instead, Removing Defendants argue that if they are allowed to depose Childers, "[t]his discovery would prove Megan Childers had clocked out from her shift when she was told of the plaintiff's accident."[66]

Removing Defendants do not provide any support (such as an affidavit) that Childers had "clocked out" prior to being told of Ms. Marbury's fall. Regardless, this statement does not directly contradict Plaintiffs' allegation that Childers "was made aware of the vomit and left the condition unattended."[67] All factual allegations on an improper joinder claim are to be resolved in favor of the plaintiff.[68] What Childers knew and when is a clearly disputed fact issue that, resolved in Plaintiffs' favor, requires remand. Even taking both parties' factual assertions as true, however, it is possible that Childers was told of the condition, clocked out, and then was told that the accident occurred. Accordingly, Removing Defendants have not established that their requested discovery is necessary to determine an undisputed fact that would preclude the possibility of Plaintiffs' recovery against Childers.[69] As cautioned by the Fifth Circuit, "[a]ttempting to proceed beyond [the limited pierce-the-pleadings summary inquiry] carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a

---

[65] Such an assertion would be akin to "the in-state doctor defendant did not treat the plaintiff," or "the in-state pharmacist defendant did not fill a prescription for the plaintiff patient" (*i.e.*, while a manager was told, Childers is not that manager). Further, the Removing Defendants do not assert that the proposed discovery would reveal an undisputed fact, such as that Childers was not present at the time of the accident.

[66] R. Doc. 15, p. 4.

[67] R. Doc. 8-2, ¶ 5. In *Chhetri*, the court allowed plaintiffs to engage in limited discovery into the question of the non-diverse pharmacist's involvement, explaining that allowing the discovery was a "fair response to Wal-Mart's submission of affidavits on the issue." 2009 WL 1535044, at * 1. Removing Defendants do not provide any evidentiary support for their assertion, which distinguishes this case from *Chhetri* in which the plaintiffs were permitted to conduct limited discovery in order to traverse removing defendants' evidence supporting the allegation of improper joinder. Accordingly, Removing Defendants have not made a sufficient showing regarding the necessity for the jurisdictional discovery.

[68] *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

[69] Even if Childers had clocked out prior to being told that the accident occurred, her alleged conduct of leaving the dangerous condition, of which she had been made aware, unattended, was closely connected in time, place, and scope to her employment duties.

12

simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined."[70] Accordingly, it is recommended that Removing Defendants' alternative request to depose Childers be denied.

### III. Conclusion

Plaintiffs' allegations against Childers survive a Rule 12(b)(6) analysis, and because Removing Defendants have not met their heavy burden of showing there is no possibility of recovery against Childers, Childers is a properly joined, non-diverse defendant.  Fact issues as to what Childers was told and when are not appropriate for resolution within the summary inquiry contemplated on an improper joinder analysis.

### **RECOMMENDATION**

**IT IS RECOMMENDED** that the Motion to Remand[71] be **GRANTED** and this suit be remanded to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana for lack of subject matter jurisdiction

**IT IS FURTHER RECOMMENDED** that the alternative request for jurisdictional discovery by defendants Cracker Barrel Old Country Store, Inc. and Safety National Casualty Company be **DENIED**.

Signed in Baton Rouge, Louisiana, on September 6, 2019.

_Erin Wilder-Doomes_
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[70] *Smallwood*, 385 F.3d at 574.

[71] R. Doc. 14.